UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE F. ALDRIDGE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00260-RWS |
| | ) | |
| CYNTHIA REESE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Cynthia Reese, by and through counsel, to revoke plaintiff George F. Aldridge, Jr.'s in forma pauperis status and to dismiss his case pursuant to 28 U.S.C. § 1915(g). For the reasons discussed below, the Court will deny defendant's motion.

### Background

Plaintiff filed this action on October 16, 2018, the date he placed his complaint into the prison mailing system. (Docket No. 1 at 10). The complaint was brought pursuant to 42 U.S.C. § 1983 and named Cynthia Reese as the sole defendant. She was sued in both her official and individual capacities. Plaintiff claimed that defendant failed to have him transferred out of a suicide cell in which he was living in substandard conditions. Those conditions allegedly included a lack of hygiene products, bedding, and clothing. (Docket No. 1 at 3-4).

On March 1, 2019, the Court entered an order granting plaintiff in forma pauperis status and assessing an initial partial filing fee of $1.70. (Docket No. 9). Furthermore, the Court dismissed plaintiff's official capacity claim against defendant. However, the Clerk of Court was

directed to issue process on defendant in her individual capacity. Defendant's waiver of service was returned executed on March 26, 2019. (Docket No. 16).

## Defendant's Motion

Defendant filed the instant motion on April 25, 2019. (Docket No. 22). She argues that plaintiff's in forma pauperis status should be revoked pursuant to 28 U.S.C. § 1915(g) because plaintiff has filed three prior lawsuits that have been dismissed as frivolous, malicious, or for failure to state a claim. (Docket No. 22 at 2). Specifically, defendant asserts that plaintiff has accrued "strikes" in the following cases: *Aldridge v. Wilhite*, No. 1:08-cv-116-LMB (E.D. Mo. Aug. 26, 2008); *Aldridge v. Wallace*, No. 1:15-cv-159-SNLJ (E.D. Mo. Sept. 29, 2015); and *Aldridge v. Browning*, No. 1:18-cv-55-SNJL (E.D. Mo. Nov. 8, 2018). (Docket No. 22 at 2-3). Defendant further states that plaintiff's claims do not qualify for the imminent danger exception to § 1915(g), because the events alleged in the complaint took place over two years earlier. (Docket No. 22 at 3).

## Discussion

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action…in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Pursuant to this section, an indigent inmate who has acquired three strikes may file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v.*

*Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Past allegations of imminent danger, however, are not sufficient. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

The Court agrees that plaintiff has accrued at least two strikes. In *Aldridge v. Wilhite*, No. 1:08-cv-116-LMB (E.D. Mo. Aug. 26, 2008), plaintiff's complaint was dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff did not file an appeal from this dismissal. Similarly, in *Aldridge v. Wallace*, No. 1:15-cv-159-SNLJ (E.D. Mo. Sept. 29, 2015), plaintiff's case was dismissed for frivolity and failure to state a claim. In this case, plaintiff did file an appeal. On March 17, 2016, the Eighth Circuit Court of Appeals summarily affirmed the dismissal.

The Court does not agree that *Aldridge v. Browning*, No. 1:18-cv-55-SNJL (E.D. Mo. Nov. 8, 2018) constitutes a strike pursuant to § 1915(g). As defendant notes, this case was dismissed for failure to state a claim on November 8, 2018. Plaintiff filed a notice of appeal on December 20, 2018. He filed a supplemental notice of appeal on January 10, 2019. This appeal is currently pending before the Eighth Circuit Court of Appeals. Because the appeal is pending, it is possible that the § 1915(e)(2)(B) dismissal in *Aldridge v. Browning* could be reversed. If that were to occur, plaintiff would no longer have three strikes, making dismissal pursuant to § 1915(g) inappropriate. In other words, plaintiff's third strike is not yet final. Therefore, the Court must deny defendant's motion to revoke plaintiff's in forma pauperis status and to dismiss pursuant to § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Cynthia Reese's motion to revoke plaintiff's in forma pauperis status and to dismiss (Docket No. 22) is **DENIED**.

Dated this 29th day of April, 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE