UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| GEORGE ALDRIDGE, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:18 CV 260 RWS |
| CYNTHIA REESE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel or an extension of time and issuance of subpoenas. The Court has previously denied two motions for appointment of counsel. [Doc. # 9, #27]. The Court reviews the current motion for appointment of counsel under the same standards. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case*." Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court continues to believe that appointment of counsel is not warranted at this time. Plaintiff continues to demonstrate that he can adequately present

his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will consider future motions for appointment of counsel as the case progresses.

Given plaintiff's allegation that he is currently unable to access necessary materials to respond to the defendant's summary judgment motion due to an impending transfer, the Court will grant plaintiff additional time to respond to the summary judgment motion. Although discovery has closed, plaintiff is requesting documents that directly relate to his allegations and issues and defenses raised by defendant. Therefore, the Court will construe defendant's motion for subpoenas as a motion to compel documents and grant it only to the following extent: Defendant shall provide plaintiff with a copy of his disciplinary records relating to conduct violations from August 16, 2016 and September 27, 2016, even if already produced. It appears that plaintiff has already been provided a copy of his requested medical records as Exhibit 3 to defendant's motion for summary judgment, but defendant shall serve an additional copy of her motion for summary judgment and all supporting materials and exhibits upon plaintiff. To the extent plaintiff is requesting additional documents and injunctive and declaratory relief against non-parties, the motion is denied as plaintiff has not demonstrated any entitlement to such relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [52-1] is denied.

**IT IS FURTHER ORDERED** that plaintiff's alternative motion for an extension of time [52-2] is granted, and plaintiff is granted an extension of time, up to and including **May 8, 2020**, to file his opposition to defendant's motion for summary judgment.

**IT IS FURTHER ORDERED** plaintiff's motion for subpoenas [52-3], which the Court construes as a motion to compel, is granted only to the following extent: Defendant shall provide plaintiff with a copy of his disciplinary records relating to conduct violations from August 16, 2016 and September 27, 2016, and an additional copy of her motion for summary judgment and all supporting materials and exhibits within 10 days of the date of this Memorandum and Order, and counsel shall file an affidavit of compliance within 5 days thereafter. In all other respects, plaintiff's motion [52-3] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2020.