UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GEORGE ALDRIDGE, SR.,           )
                                )
        Plaintiff,              )
                                )
    vs.                         )        Case No. 1:18 CV 260 RWS
                                )
CYNTHIA REESE,                  )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court on motions made by plaintiff.  Plaintiff again requests

appointment of counsel.  "A pro se litigant has no statutory or constitutional right to have

counsel appointed in a civil case."  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  A

district court may appoint counsel in a civil case if the court is "convinced that an indigent

plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that

plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*,

902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent

litigant, a court considers relevant factors such as the complexity of the case, the ability of the

pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of

the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th

Cir. 2006).

After reviewing these factors, the Court continues to believe that appointment of counsel

is not warranted at this time.  Plaintiff continues to demonstrate that he can adequately present

his claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear

to be unduly complex.  The Court will consider future motions for appointment of counsel as the case progresses.

Plaintiff's request for a records subpoena issued to the Missouri Department of Corrections to produce his disciplinary records is denied as untimely under the provisions of the case management order.  [Doc. 35].   Plaintiff has previously stated that he is unable to access his legal materials because he is awaiting transfer.  For that reason, the Court afforded plaintiff a generous extension of time to respond to defendant's summary judgment motion.  The Court will also allow plaintiff to file any reply brief in support of his pending motion for summary judgment by that same date.   To the extent plaintiff is again requesting and injunctive and declaratory relief against non-parties relating to the conditions of his confinement, the motion is denied as plaintiff has not demonstrated any entitlement to such relief.  Finally, plaintiff's request to stay this case until he is transferred is denied.  If plaintiff remains unable to meet the filing deadlines due to his impending transfer, he may file a motion for an extension of time at that time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions [56, 57] are denied.

**IT IS FURTHER ORDERED** that plaintiff is granted an extension of time, up to and including **May 8, 2020**, to file his reply brief in support of his motion for summary judgment.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2020.