UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE ALDRIDGE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18 CV 260 RWS |
| ) | |
| CYNTHIA REESE, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's latest motion. The Court has previously denied motions for appointment of counsel. The Court reviews the current motion for appointment of counsel under the same standards. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court continues to believe that appointment of counsel is not warranted at this time. Plaintiff continues to demonstrate that he can adequately present

his claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be unduly complex.

Plaintiff next requests the Court extend or reopen and compel discovery because the COVID-19 pandemic caused the cancellation of his pending transfer to another facility and made it difficult for him to access his case materials.  The motion will be denied as discovery in this case closed on **January 8, 2020**, well before the pandemic curtailed his pending transfer. Moreover, both plaintiff and defendant have pending motions for summary judgment.  The Court also notes that plaintiff has continued to file numerous motions during this time, citing legal authority and repeatedly referring the documents already filed in this case.  Under the circumstances, plaintiff has not demonstrated extraordinary circumstances necessary to reopen or compel discovery.

The motion to strike defendant's summary judgment materials will be denied.  Plaintiff has already raised the same objections in his opposition to summary judgment, which the Court will consider when ruling on the summary judgment motion.  Although plaintiff complains that his response was not really meant to be his opposition to summary judgment, it clearly responds to the facts and arguments made by defendant in support of summary judgment.  As the Court previously provided plaintiff until May 8, 2020 to respond to summary judgment, plaintiff may still file any additional materials in opposition to summary judgment by that date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [63] is denied.]

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2020.

2