UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE ALDRIDGE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18 CV 260 RWS |
| ) | |
| CYNTHIA REESE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's surreply [65], which the Court will grant leave to file.  In this document, plaintiff again complains that his response to defendant's summary judgment motion was not really intended to be an opposition to summary judgment.  As explained in this Court's last Order, plaintiff may still file any additional materials in opposition to summary judgment by the **May 8, 2020 **deadline.  Plaintiff mistakenly indicated that he was granted until May 18, 2020 to file his opposition to summary judgment and a reply brief in support of his motion for summary judgment, but that is incorrect.  (*See* Doc. #53).  The Court did not treat plaintiff's response as a motion for judgment because he was not entitled to file a motion for summary judgment under the terms of the case management order, which required motions for summary judgment to be filed by February 8, 2020.  (Doc. #35).   To the extent plaintiff wishes the Court to construe his response as a motion for sanctions, it is denied as plaintiff has not demonstrated the entitlement to any such relief.  Plaintiff offers nothing more than his own rank speculation of "fraud" and "collusion" which is woefully insufficient to demonstrate entry of judgment against defendant as a sanction.  Plaintiff  put his own medical condition at issue in this case and therefore waived any right he might have otherwise had to

object to the disclosure of his medical records to defendant in this litigation.[1] Plaintiff's arguments regarding the sufficiency and contents of the affidavit supporting the authenticity of his grievance records go to the weight and admissibility of this evidence for summary judgment purposes and will be taken up at the appropriate time. Plaintiff's motion is also procedurally defective if intended as a sanctions motion. For these reasons, to the extent plaintiff's response is treated as a "motion for judgment against defendant," it is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to file a surreply [65].

**IT IS FURTHER ORDERED** that to the extent plaintiff's response filed on March 30, 2020 [60] is construed as a "motion for judgment against defendant," it is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2020.

---

[1] These records are filed under seal.