UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE ALDRIDGE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18 CV 260 RWS |
| ) | |
| CYNTHIA REESE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to take defendant's deposition out of time. Discovery in this case closed on January 8, 2020. The Court denied summary judgment on June 22, 2020. (Doc. 77). Defendant argues that the Court should reopen discovery and allow her to take plaintiff's deposition out of time because "defendant did not believe it was necessary to depose Plaintiff before filing what Defendant believed to be meritorious dispositive motions." (Doc. 78). Plaintiff opposes the request, rightly pointing out that the Court earlier denied his request to conduct out of time (Doc. 59), a request defendant vehemently opposed as follows:

> Plaintiff's request for subpoenas should also be denied. Plaintiff had over eight months to conduct discovery in this case and obtain the documents in the possession, custody, and control of the Missouri Department of Corrections. Indeed, Defendant informed Plaintiff as early as June 26, 2019, that certain documents requested by Plaintiff, such as a pass log, were in the possession of the MDOC. (See Exhibit A, Defendant Cynthia Reese's Responses to Plaintiff's Motion for Production of Documents). However, Plaintiff took no action to obtain these documents within the discovery period. Because Plaintiff has failed to show diligence in attempting to comply with the Court's Case Management Order, Plaintiff's request for subpoenas should be denied. Fed. R. Civ. P. 16(b); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008).

(Doc. 58).  Similarly, here defendant also had "over eight months to conduct discovery in this case" but took "no action" to take plaintiff's deposition.  Defendant, who unlike plaintiff is represented by counsel in this case, has also "failed to show diligence" in complying with this Court's case management orders.  That she believed she was entitled to summary judgment does not amount to a sufficient excuse – much less the required good cause – to reopen discovery now, especially where the motion for summary judgment was filed after the discovery deadline closed and not at the beginning of the case on some exhaustion or other preliminary issue.  Defendant made the strategic decision to forego taking plaintiff's deposition, and the fact that she may only now recognize the consequences of that decision does not constitute sufficient cause to reopen discovery.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to depose plaintiff out of time [78] is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2020.